Ingle v. Mudd, *Appellant.*

1. **Replevin:** INSTRUCTIONS. A series of instructions, in an action for the recovery of specific personal property, approved.

2. **Practice:** FINDING OF JURY. Where the instructions properly present the matters in issue to the jury, their verdict must be regarded as final.

*Appeal from Bates Circuit Court.* — HON. JAMES B. GANTT, Judge.

AFFIRMED.

The court gave the following instructions on behalf of the plaintiff:

" 1. The record in this cause shows that the possession of the property was in Mudd at the time the proceedings were instituted, and cannot be contradicted."

" 2. The court instructs the jury, that, although they may believe that there was a verbal sale, absolute in its terms, of the property to Mudd, by Ingle, and a delivery of it to Mudd, with a condition or understanding between them that Ingle should have his team back upon complying with the conditions of the agreement, then such sale is simply a pledge of the property to secure the indebtedness, and the ownership of the property is, and was, all the time, in plaintiff, subject to the payment of the indebtedness existing between them, for the security of which the property was delivered to Mudd."

" 3. The court instructs the jury, that, if they believe from the evidence that plaintiff borrowed the sum of one hundred dollars from defendant, and pledged his team to defendant, as security therefor, with the agreement that if said money was paid at the time defendant should come to Rich Hill to attend the Shelt-Mudd trial, plaintiff was to pay nothing for expenses incurred by Mudd in keeping said team ; but if said money was not paid at said time, then plaintiff was to pay the sum of twelve dollars per month for keeping the same ; and, if the jury should believe from the evidence that said one hundred dollars was tendered to defendant while he was at Rich Hill, for the purpose of attending the Shelt-Mudd trial, and defendant refused said sum, then they will find for the plaintiff, and if you find for the plaintiff you will assess the damages plaintiff has sustained, according to the evidence, by reason of its detention since the time the tender was made, if any, and for any injuries thereto, if any are shown by the evidence, and

you will also find the value of said property, and state
it in your verdict."

"4.    If the jury find from the evidence that it was
a part of the contract between plaintiff and defendant,
that plaintiff should refund to defendant any expenses
he might incur in taking care of the team, yet, if the
jury find the plaintiff tendered, either by himself, or by
his agent, the one hundred dollars to the defendant, or
the defendant's attorney, while at Rich Hill attending
the Shelt-Mudd trial, about the seventh of January,
1881, and defendant refused to accept it, and made no
objections to the character of the money tendered, or to
the time of the tender, and did not object because the
expenses incurred had not been paid, and were not ten-
dered, then such tender was good, and if defendant
claimed any expenses it was his duty to name it,
and the want of a tender of such an unsettled claim
will not defeat plaintiff's right to possession, but
if the jury find that defendant did claim his ex-
penses, and refused on that account to accept the one
hundred dollars, and that plaintiff declined to pay any
more, then said tender was not good, if they believe the
contract was to cover said expenses also."

The court gave the following instructions at the re-
quest of the defendant:

"5.    This is an action commenced by the plaintiff
to recover the possession of the property in dispute, and
the burden of proof rests upon the plaintiff, and before
he can recover in this action, he must show to the satis-
faction of the jury by a preponderance of the testimony,
that at the time of the commencement of this action he
had either a general or special property in, and a right
to the exclusive and immediate possession thereof.    If
the plaintiff has failed to show this the finding should
be for the defendant."

"6.    If the jury believe from the evidence that the
plaintiff let the defendant have the possession of said

property to secure the payment of one hundred dollars, and it was then and there agreed that the plaintiff, by repaying to the defendant the said sum, and all expenses attending the keeping of said property, might, within thirty days from the time said property was placed in the possession of the defendant, reclaim said property, and the plaintiff did not, within the said thirty days, either pay to the defendant, or tender the said one hundred dollars, and tender, or offer to pay, the expenses aforesaid to the defendant, or refused to pay said expenses, then the plaintiff cannot recover in this action, and the finding should be for the defendant."

"7. If the jury believe from the evidence that the plaintiff, before he was entitled to recover said property, was to pay to the defendant the sum of one hundred dollars, and the expenses of keeping the same, and the defendant demanded the payment of said expenses, and the plaintiff refused to pay the same within the time agreed upon, then the jury should find for the defendant."

"8. The plaintiff, before the commencement of this action, should have demanded of the defendant the return of the possession of said property, and if no such demand has been proved by the evidence, the plaintiff cannot recover."

*C. C. Bassett* and *John T. Smith* for appellant.

The court erred in refusing instructions numbers one and two asked by defendant. *Dilworth v. McKelvy,* 30 Mo. 149; *Boutell v. Warne,* 62 Mo. 350. The court also erred in refusing the third instruction asked by the defendant. The court erred in giving instruction number four for the plaintiff. It is inconsistent with the third given for the plaintiff. It improperly declares the law with reference to the tender of the amount due. *Kitchen v. Clark,* 1 Mo. App. 430.

*Parkinson & Abernathy* for respondent.

The third and fourth instructions given for plaintiff are not at all inconsistent. It is not necessary that the jury should have left to them facts as to which there was no controversy on the trial. *Newcomb v. Blakely,* 1 Mo. App. 289. The law of tender is correctly stated. *Downing v. Platte,* 8 Cent. Law J., 283. But defendant could not have been injured by the instruction on that subject, and is in no situation to complain. *Gray v. Mo. River Packet Co.,* 64 Mo. 47. The instructions taken together fairly present the law of the case, and the judgment will not be reversed because some of them are thought to be technically incorrect. *Henschen v. O'Bannon,* 56 Mo. 289. Instruction number two, asked by defendant, was properly refused. The court cannot instruct on an issue not made by the pleadings. *Hassett v. Rust,* 64 Mo. 325 ; *Bank v. Armstrong,* 62 Mo. 59 ; *Bank v. Murdock,* 62 Mo. 70.

SHERWOOD, J.—Action for the recovery of specific personal property, formerly designated replevin. The suit grew out of a loan by defendant of one hundred dollars, on December 23, 1880, the money to be paid at the Shelt-Mudd trial, which was to occur, and did take place, January 6, 1881. The team of horses, etc., were given to Mudd as security for the loan, interest being deducted, and the only material controversy as to what the contract was, is on the points whether the plaintiff was simply to repay the one hundred dollars to Mudd at the Shelt-Mudd trial, and then receive his team ; and, if not paid at that time, to repay that sum as well as expenses of the horses' keep, rated at twelve dollars per month, from the time of that trial ; the team to be redeemed, in any event, within thirty days from the time the loan was effected.

The testimony offered on the part of the plaintiff fully supports this view of the contract, while that adduced by the defendant only differed from it in two particulars: (1). That the expense of the keep of the horses was to begin from the date of the loan. (2) That the money was to be paid to Mudd *on the day* of the Shelt-Mudd trial at Rich Hill, *i. e.*, on the sixth day of January, 1881, and if the money and expenses were not paid on that day, then Mudd was to take the team, etc., home with him, to be returned to plaintiff, if, within the thirty days, the sum loaned and expenses should be paid. This, as I believe, is a succinct statement of the contract between plaintiff and defendant, and the differences between them as to what their precise contract was.

It is entirely immaterial, in this case, whether the contract be termed a conditional sale, or a pledge, the instructions given, as well on behalf of the plaintiff as on behalf of the defendant, fully presented the matters in issue to the jury, and their verdict must be regarded as final.

Therefore, judgment affirmed. All concur.